889 F.Supp. 904 (1995)
Dianne CASTANO, et al.
v.
The AMERICAN TOBACCO COMPANY, et al.
No. 94-1044.
United States District Court, E.D. Louisiana.
June 23, 1995.
Daniel E. Becnel, Jr., Becnel, Landry & Becnel, Reserve, LA, Joseph M. Bruno, Bruno & Bruno, New Orleans, LA, Wells Talbot Watson, Baggett, McCall & Burgess, Lake Charles, LA, Russ M. Herman, Herman, Herman, Katz & Cotlar, New Orleans, LA, Calvin Clifford Fayard, Jr., Donna Unkel Grodner, Fayard, Harris & Honeycutt, Denham Springs, LA, Michael X. St. Martin, St. Martin, Lirette, Shea, Watkins & McNabb, Houma, LA, George Febiger Riess, Monroe & Lemann, Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, New Orleans, LA, Daniel G. Abel, Wendell H. Gauthier, Dana Kim Cormier, Gauthier & Murphy, Metairie, LA, Edwin Rene Murray, Edwin R. Murray & Associates, New Orleans, LA, Carter & Cates, Peter Joseph Butler, Peter J. Butler, Jr., Locke, Purnell, Rain & Harrell, P.C., New Orleans, LA, Elizabeth J. Cabraser, Richard M. Heimann, Robert Lieff, Lieff, Cabraser & Heimann, San Francisco, CA, Arnold Levin, Levin, Fishbein, Sedran & Berman, Philadelphia, PA, John (Jack) Brown Baldwin, Scott Baldwin, Baldwin & Baldwin, Marshall, TX, Bettye Anne Barrios, Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, Louie J. Roussel, III, Louie J. Roussel, III, Atty. at Law, Metairie, LA, Bruce C. Dean, Bruce C. Dean, Atty. at Law, New Orleans, LA, Perry Weitz, Perry Weitz, Atty. at Law, New York City, Melvin Belli, Melvin Belli, Atty. at Law, San Francisco, CA, Margaret Moses Branch, Turner Branch, Branch Law Firm, Albuquerque, NM, John P. Coale, Coale, Allen & Van Susteren, Washington, DC, Ralph Irving Knowles, Jr., Kenneth S. Canfield, Doffermyre, Shields, Canfield & Knowles, Atlanta, GA, Andrew W. Hutton, Mark B. Hutton, Michaud, Hutton & Bradshaw, Wichita, KS, Richard Alexander, The Alexander Firm, San Jose, CA, Stanley M. Chesley, Sherrill P. Hondorf, Waite, Schneider, Bayless & Chesley, L.P.A., Cincinnati, OH, Gayle L. Troutwine, Jeffrey S. Merrick, Williams & Troutwine, Portland, OR, Robert D. Greenbaum, Myles H. Malman, Kohn, Nast & Graf, Philadelphia, PA, John P. Kopesky, Sheller, Ludwig & Badey, Philadelphia, PA, Michael L. Williams, Williams & Troutwine, Portland, OR, Stephen Barnett Murray, Murray Law Firm, New Orleans, LA, Richard A. Daymard, Northeastern University School of Law, Boston, MA, Jodi W. Flowers, Susan Nial, Charles W. Patrick, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, *905 SC, Francis H. Hare, Jr., Attorneys Information Exchange Group, Inc., Birmingham, AL, Ronald L. Motley, Ness, Motley, Loadholt, Richardson & Poole, P.A., Charleston, SC, John R. Climaco, Michael V. Kelley, Jack D. Maistros, Shannon P. Haggerty, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli, Cleveland, OH, John Bologna Krentel, John B. Krentel, Atty. at Law, Metairie, LA, for plaintiffs Dianne Castano, Ernest Perry, George Solomon.
Robert E. Winn, Joy Goldberg Braun, Sessions & Fishman, New Orleans, LA, Bruce G. Sheffler, Chadbourne & Parke, New York City, for defendant American Tobacco Co.
Steven W. Copley, John Mason McCollam, Gordon, Arata, McCollam & Duplantis, New Orleans, LA, Gary R. Long, Shook, Hardy & Bacon, Kansas City, MO, for defendant Lorillard Inc.
John Mason McCollam, Gordon, Arata, McCollam & Duplantis, New Orleans, LA, Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Gary R. Long, Shook, Hardy & Bacon, Kansas City, MO, for Lorillard Tobacco Co.
Charles Fenner Gay, Jr., Scott Edward Delacroix, Thomas J. Wyllie, Adams & Reese, New Orleans, LA, Gary R. Long, Allen Rennie Purvis, Shook, Hardy & Bacon, Kansas City, MO, for defendant Phillip Morris Inc.
Stephen H. Kupperman, Phillip A. Wittmann, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, LA, Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for defendant RJR Nabisco, Inc.
Stephen H. Kupperman, Phillip A. Wittmann, S. Ann Saucer, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, LA, Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Theodore M. Grossman, Paul G. Crist, Hugh R. Whiting, Mark A. Belasic, Jones, Day, Reavis & Pogue, Cleveland, OH, for defendant R.J. Reynolds Tobacco Co.
John Jerome Weigel, Joseph Jacob Lowenthal, Jr., Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, James V. Kearney, Francis K. Decker, Jr., Mudge, Rose, Guthrie, Alexander & Ferdon, New York City, for defendant Liggett Group Inc.
Charles L. Chassaignac, Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for defendant R.J. Reynolds Tobacco Co., Inc.
Robert E. Winn, Joy Goldberg Braun, Sessions and Fishman, New Orleans, LA, for defendant American Brands Inc.
Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, Griffin B. Bell, King & Spaulding, Atlanta, GA, for defendant Brown & Williamson Tobacco Corp.
Charles L. Chassaignac, Peter A. Feringa, Jr., Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, for defendants Batus Holdings Inc., Batus Inc.
John Jerome Weigel, Joseph Jacob Lowenthal, Jr., Madeleine Fischer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for defendant Liggett & Myers Inc.
Charles W. Schmidt, III, Christovich & Kearney, New Orleans, LA, for defendant United States Tobacco Co.
Alan Harry Goodman, Thomas Mente Benjamin, Lemle & Kelleher, Morris H. Hyman, Atty. at Law, New Orleans, LA, for Tobacco Institute, Inc.
Suzanne V. Foulds, New Orleans, LA, pro se.
Robert H. Walker, Bronx, NY, pro se.

ORDER AND REASONS
JONES, District Judge.
Pending before the Court is "Plaintiffs' Motion for Modification of the Stay Provisions of the May 15, 1995 Order," which was taken under submission following oral argument. Having considered the memoranda and argument of the parties, the record and the applicable law, the Court GRANTS the motion.

*906 Background
The factual backdrop of this lawsuit has been set forth previously in orders issued by this Court. Suffice it to say that plaintiffs Ernest R. Perry Sr., T. George Solomon Jr. and Dianne Castano, wife of Peter Castano, filed suit alleging numerous causes of action based on defendants' alleged denial and concealment of the addictive nature of nicotine in cigarettes and defendants' alleged control and manipulation of nicotine in cigarettes to create and sustain addiction. The causes of action are: fraud and deceit, negligent misrepresentation, intentional infliction of emotional distress, negligence and negligent infliction of emotional distress, violation of consumer protection statutes, breach of express warranty, breach of implied warranty, strict product liability, and redhibition.
In an order issued February 17, 1995, this Court conditionally certified a class action in this matter. (R.Doc. 269.) Later, the Court granted the defendants' motion for certification of an interlocutory appeal of the class certification issue. (R.Doc. 322.) In the same Order and Reasons granting certification of the interlocutory appeal, the Court decided to stay this matter pending a ruling by the Fifth Circuit Court of Appeals. Id. at 9-10. The Court focused on the time and expense of class notification as a prime example of its reason to stay the case. Id.
Plaintiffs bring the instant motion arguing that the named plaintiffs will proceed with this action even if the Court of Appeals denies certification.[1] Hence, plaintiffs argue, to put the entire case on hold is unfair. Further, plaintiffs contend that the Interim Plaintiffs' Legal Committee (hereinafter "IPLC") has set up an office and document depository with a budget of $120,000 per month and is ready to proceed whether this action goes forward as class or not; thus, a delay is a waste of time and expense. Additionally, plaintiffs argue that modification of the stay will not prejudice defendants as the discovery to be pursued by the individual plaintiffs is co-extensive with whatever class discovery that will occur should class certification be upheld.
Defendants counter that the present, complete stay should remain in effect for four reasons. First, plaintiffs do not cite any change in circumstances since the Court stayed this matter that alters the Court's reasoning for the stay. Second, plaintiffs have no right to seek "class discovery" at this juncture, which is what plaintiffs are really seeking. Third, discovery in the individual plaintiffs' cases is inappropriate because the discovery process would be redundant should the class certification be affirmed. Finally, allowing discovery would waste the Court's resources and prejudice defendants because the discovery that plaintiffs envision is staggering.

Law and Application
A trial court has inherent power "`to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.'" Itel Corporation v. M/S Victoria U (Ex Pishtaz Iran), 710 F.2d 199, 202-03 (5th Cir.1983), quoting Ohio Environmental Council v. United States District Court, 565 F.2d 393, 396 (6th Cir.1977). The decision whether to stay a matter is within the sound discretion of the district court. Itel Corporation, 710 F.2d at 202. In making this determination, the district court "must consider which side will bear the greater and less remedial burden from delay." Id. at 203.
A term used by several courts to gauge the propriety of a stay already entered is "immoderate." The Fifth Circuit has described "immoderate" as being "a function of two variables  the scope of the stay, and the reasons cited for ordering it." Hines v. D'Artois, 531 F.2d 726, 733 (5th Cir.1976). See also Landis v. North American Co., 299 U.S. 248, 254-55, 57 S.Ct. 163, 167, 81 L.Ed. 153 (1936) ("stay is immoderate and hence unlawful unless so framed in its inception *907 that its force will be spent within reasonable limits").
As noted, previously this Court stayed this matter pending interlocutory appeal, based on the reasoning that the competing interests on the class certification issue called for a stay, especially in view of the time and resources that would be spent on class issues, including but not limited to class notification. (R.Doc. 322, pp. 9-10.)
Plaintiffs raise the point that even if the Fifth Circuit reverses the conditional class certification, the individual plaintiffs will pursue their cases. The Court believes that this is a substantial factor that should be taken into consideration in determining whether the instant stay is "immoderate."[2] In other words, the question is whether the individual plaintiffs should be delayed from proceeding while the class certification issue is being appealed. The answer is "No." The Court finds that the three individual plaintiffs  not the other two class representatives or anyone else  are entitled to proceed with discovery in this matter as long as that discovery is narrowly tailored to their own cases. This allows for a stay that is "moderate" is scope and also will alleviate defendants' fears that plaintiffs are only attempting to conduct "class discovery."
While some redundancy in discovery may occur if class certification is affirmed, the Court believes that a limited lifting of the stay will allow discovery to progress so that the entire case will have travelled much farther down the road toward trial than had the stay remained in place completely and no discovery been undertaken. Additionally, modification of the stay will result in more efficient, not less efficient, use of the resources of both the Court and the litigants.
As it now stands, the stay is "immoderate," considering that the three plaintiffs have a case pending in this Court whether it proceeds as a class action or not. As the Fifth Circuit recognized in Itel, the parties are entitled to "prompt adjudication."
Federal courts exist to decide controversy. Those who have, in the common parlance, a "federal case" deserve its prompt adjudication. Therefore, it is the duty of a district court not to sidestep or delay decision.

Itel, 710 F.2d at 202 (emphasis added). See Fed.R.Civ.P. 1 ("[The Federal Rules of Civil Procedure] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.")
Thus, the Court will modify the stay previously entered in this matter such that the three named plaintiffs  as well as defendants  will be allowed to proceed with discovery relative to the plaintiffs' individual cases. Any such discovery shall be narrowly tailored to the plaintiffs' cases. This will allay any concerns of either side and provide for a "moderate" stay, i.e., a stay no larger in scope than necessary at this time.
In all other respects, the Court will maintain the stay.
The only remaining question is the extent of discovery. At oral argument plaintiffs counsel identified four areas in which plaintiffs would like to proceed:
1) document discovery, both from defendants and third parties;
2) emergency depositions of persons in ill health or of advanced age who may have knowledge properly discoverable;
3) investigation outside of formal discovery, i.e., the conducting of interviews with employees and/or former employees of defendants; and
4) discovery relative to documents and other discovery produced in other cases.
The Court finds that fairness dictates that plaintiffs are entitled to proceed with formal discovery in the first, second and fourth areas identified consistent with the bounds of today's order.[3]
*908 As to the third area identified by plaintiffs, the Court understands that proceedings are presently underway before the Magistrate Judge as to the interviews sought by plaintiffs. (R.Doc. 338.) Based on fairness, the Court believes that these proceedings should go forward.
Conversely, the Court will allow defendants to undertake document discovery from plaintiffs and any third parties as well as any emergency depositions they deem appropriate.
With this decision, the Court finds that it is unnecessary for the parties to engage in the preparation of additional discovery plans. Had this case not been conditionally certified as a class action, the parties would have proceeded with discovery in the normal course pursuant to the Federal Rules of Civil Procedure. Further, the Magistrate Judge and the Court stand ready to deal with any objections as they may arise.
Accordingly,
IT IS ORDERED that the stay previously entered in this matter is MODIFIED.
IT IS FURTHER ORDERED that plaintiffs and defendants are to be allowed to proceed with discovery pursuant to the Federal Rules of Civil Procedures as to the cases of the named plaintiffs only.
IT IS FURTHER ORDERED that this discovery is limited to document discovery and emergency depositions of those in ill health or of advanced age.
IT IS FURTHER ORDERED that any matters presently underway before the Magistrate Judge as to plaintiffs' proposed interviews of defendants' employees or former employees may proceed.
NOTES
[1] In their memorandum in support of their motion, plaintiffs refer to the named plaintiffs in the sub-heading but refer to the class representatives in the text. (R.Doc. 333, p. 4.) However, the Court notes, as plaintiffs conceded at oral argument, that there are only three plaintiffs  Perry, Solomon and Castano. Gloria Scott and Denia Jackson are class representatives, not named plaintiffs. Thus, today's ruling has no effect as to Scott or Jackson.
[2] As stated at oral argument, the Court dismisses plaintiffs' arguments as to the IPLC's investment decisions as being devoid of substantiality.
[3] Defendants may contend that they have not had an opportunity to brief the extent of discovery, but the Court answers this argument in advance in two ways. First, plaintiffs identified the areas of discovery in their previous discovery plan, to which defendants have had an opportunity to respond. Second, at oral argument, defense counsel conceded that if ill or older persons would be identified, the defendants would agree to their depositions. Additionally, if third parties were identified who may have documents that may be discoverable, the defendants would agree that some relief should be obtained, at the very least to prevent loss of material.